2021-07453

F

Section 14

Case 2:21-cv-01985-LMA-JVM   Document 1-1   Filed 10/28/21   Page 1 of 12

FILED
2021 SEP 20  P 03:06
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.                                    DIVISION "    "

**VERONICA LLORELLA on behalf of her father, RODOLFO LLORELLA, SR., INDIVIDUALLY AND ON BEHLF OF OTHERS SIMILARLY SITUATED**

**VERSUS**

**RIVER PALMS NURSING & REHAB LLC.; MAISON DE'VILLE NURSING HOME OF HARVEY, LLC.; MAISON DE'VILLE NURSING HOME, INC.; PARK PLACE HEALTHCARE, LLC; RACELAND MANOR NURSING HOME, INC.; UPTOWN HEALTHCARE CENTER, LLC.; ST. ELIZABETH'S CARING, LLC; BOB DEAN JR.; and BOB DEAN ENTERPRISES, INC.**

FILED: _____                    _____
                                                                              **DEPUTY CLERK**

## PETITION FOR CLASS ACTION, INJUNCTIVE RELIEF, AND DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Veronica Llorella on behalf of her father, Rodolfo Llorella, Sr who brings this lawsuit, individually and as representatives of all those similarly situated, and represents as follows:

### PLAINTIFFS

1.

Named as PLAINTIFF and/or Proposed Representatives of the Plaintiff Class (hereinafter "Petitioner") is Veronica Llorella on behalf of her father Rodolfo Llorella, Sr. Veronica Llorella is a person of full age of majority domiciled in Jefferson Parish and appears on behalf of her father, Mr. Rodolfo Llorella, who was a resident at defendant River Palms Nursing and Rehab located in the Parish of Orleans, State of Louisiana. Veronica Llorella has power of attorney to act in fact for her father.

### DEFENDANTS

2.

Named as DEFENDANTS herein are:

A. **River Palms Nursing & Rehab, LLC**, a Louisiana limited liability company with its principal place of business located at 5301 Tullis Dr., New Orleans, LA 70131.

B. **Maison De'ville Nursing Home of Harvey, L.L.C.** (operating under the tradename of Maison De'ville Nursing Home of Harvey), a Louisiana limited liability company, with its principal place of business located at 2233 Eighth St., Harvey LA 70058.

C. **Maison De'ville Nursing Home, Inc.** (operating under the tradename of Maison De'ville Nursing Home), a Louisiana corporation with its principal place of business located at 107 South Hollywood Dr., Houma, LA 70360.

2021-07453

F
Section 14

Case 2:21-cv-01985-LMA-JVM   Document 1-1   Filed 10/28/21   Page 2 of 12

FILED
2021 SEP 20  P 03:06
CIVIL
DISTRICT COURT

D. **Park Place Healthcare, LLC**, a Louisiana limited liability company with its principal place of business located at 535 Commerce St., Gretna, LA 70056.

E. **Raceland Manor Nursing Home, Inc.** (operating under the tradename of South Lafourche Nursing & Rehab), a Louisiana corporation with its principal place of business located at 146 E. 28th St., Cut Off, LA 70345.

F. **Uptown Healthcare Center, L.L.C** (operating under the tradename of Maison Orleans Healthcare of New Orleans) a Louisiana limited liability company with its principal place of business located at 1420 General Taylor St., New Orleans, LA 70115.

G. **St. Elizabeth's Caring, L.L.C.** (operating under the tradename of West Jefferson Health Care Center), a Louisiana limited liability company with its principal place of business located at 1020 Manhattan Blvd. Harvey, LA 70058.

H. **Bob Dean, Jr.**, a natural person who resided in East Baton Rouge Parish at the time Plaintiffs' causes of action accrued.

I. **Bob Dean Enterprises, Inc.,** a Louisiana corporation with its principal place of business at 343 Third St., Suite 600, Baton Rouge, LA 70801. (Bob Dean, Jr. is referenced herein as "Defendant Dean" and the seven nursing homes are collectively referenced herein as "Bob Dean, Jr. Nursing Homes")

## CLASS ACTION ALLEGATIONS

3.

Plaintiff seeks to have this matter proceed as a Class Action pursuant to La. C.C. Art. 591, *et seq.* on behalf of a class of plaintiffs similarly situated, as plaintiffs herein represent that they have injuries and/or damages common to those similarly situated who incurred damages arising from the unreasonably dangerous conditions and defects on the premises of Bob Dean, Jr. Nursing Homes and related evacuation plans/actions prior to, during, and in the aftermath of Hurricane Ida.

4.

Rodolfo Llorella, represented herein by Veronica Llorella, was among the 800+ nursing home residents sent to a warehouse in Independence, Louisiana known as Waterbury Companies or the "Waterbury Building" before Hurricane Ida to weather the storm.

5.

Plaintiff alleges and proposes that the class be defined as:

All persons who sustained injury and/or damage, including but not limited to, personal injury or wrongful death, as a result of unreasonable conditions and/or defects in and/or on the Bob Dean Jr. Nursing Homes and/or the Waterbury Building during Hurricane Ida, and/or as a result of the failure of Bob Dean Jr. Nursing Homes and to attain, maintain, and/or provide an adequate housing for residents in anticipation of and/or in the wake of Hurricane Ida.

6.

This action is appropriate for determination through the Louisiana Class Action Procedure (La. C.C.P. art, 591 *et seq.*) for the following reasons:

2021-07453
F
Section 14
Case 2:21-cv-01985-LMA-JVM   Document 1-1   Filed 10/28/21   Page 3 of 12
FILED
2021 SEP 20  P 03:06
CIVIL
DISTRICT COURT

A. **NUMEROSITY**

The exact number and identities of the class plaintiffs are unknown at this time, but may be ascertained through appropriate discovery; plaintiffs are of information and belief that the class of plaintiffs clearly consists of hundreds of persons presenting a level of numerosity best handled through the class action procedure;

B. **COMMON QUESTIONS OF LAW AND FACT**

There are common questions of law and fact applicable to all class members and which predominate over individual questions, which include but are not limited to, whether the injuries, damages and/or deaths were a result of the unreasonable dangerous conditions in and/or on the premises of the Bob Dean, Jr. Nursing Homes and/or Waterbury Building and/or as a result of DEFENDANTS' failure to provide and operate safe, healthy premises during and after Hurricane Ida passed through the greater New Orleans area;

C. **ADEQUACY OF REPRESENTATION**

Plaintiff will fairly and adequately represent the interests of the class, and the class representatives herein are represented by skilled attorneys, with the necessary financial means, who are experienced in the handling of mass tort and class action litigation, and who will handle this action in an expeditious and economical manner, all in the best interest of all members of the class;

D. **TYPICALITY**

The claims of the class representative as named herein are typical of the class members she seeks to represent in that the claims all seek damages arising from the failure on the part of Bob Dean Jr. Nursing Homes and as alleged herein; and

E. **SUPERIORITY**

The Louisiana Class Action Procedure affords a superior vehicle for the efficient disposition of the issues and claims herein presented, especially since individual joinder of each of the class members is impracticable. Individual litigation by each of the class members, besides being unduly burdensome to the plaintiffs would also be unduly burdensome and expensive to the court system, as well as to the defendant.

2021-07453

F

Section 14

Case 2:21-cv-01985-LMA-JVM   Document 1-1   Filed 10/28/21   Page 4 of 12

FILED
2021 SEP 20  P 03:06
CIVIL
DISTRICT COURT

**FACTUAL ALLEGATIONS**

7.

That, on or about Friday, August 27, 2021, Bob Dean, Jr. Nursing Home residents began to arrive at the Waterbury Building.

8.

The Waterbury Building is located in Independence, Louisiana and owned by Defendant Bob Dean, Jr. At all relevant times, Bob Dean, Jr. directed the Bob Dean Jr., Nursing Homes to evacuate residents to the Waterbury Building.

9.

The employees of the Bob Dean, Jr. Nursing Homes were at all relevant times herein ultimately under the control, direction, and discretion of Defendant Dean and/or Defendant Bob Dean Enterprises, Inc. Upon information and belief, Defendant Dean controlled and directed the activities of the evacuation, location to which evacuation would occur, notification to state authorities regarding the evacuation, authority for supplies and staffing at the evacuation site, access to and refusal to permit access to the evacuation facility, and numerous other aspects central to this case, that will be developed during discovery and shown at trial.

10.

As residents began to arrive, it was immediately clear there was insufficient space and beds for the large and excessive number of residents that Defendants chose to evacuate to the Waterbury Building. Upon information and belief, the Bob Dean Jr. Nursing Home residents exceeded the Waterbury Building's capacity, resulting in roughly 20% more residents than the Bob Dean Jr. Nursing Home emergency plans contemplated.

11.

As Hurricane Ida swept through Louisiana, the Waterbury Building lost power, back-up generators failed, and rainwater penetrated the roof, resulting in dangerous conditions, including excessive heat, inadequate ventilation, flooding, including standing water and causing wet mattresses and bedding.

2021-07453 Case 2:21-cv-01985-LMA-JVM Document 1-1 Filed 10/28/21 Page 5 of 12

F

Section 14

FILED
2021 SEP 20 P 03:06
CIVIL
DISTRICT COURT

12.

In the aftermath of Hurricane Ida, trash piled up on the floors inside the Waterbury Building and along the outside of the structure creating; toilets overflowed; food and water supplies ran out; diapers, clothes and bed linens remained soiled as the Bob Dean Jr. Nursing Home hurricane provisions ran out and/or were not provided.

13.

At least seven (7) of the nursing home residents have died. At least fourteen (14) more residents were hospitalized for their injuries and severe degradation of the medical conditions. Unfortunately, it is likely that additional deaths and hospitalizations of residents will occur as a direct and proximate result of the fault of Defendants.

14.

Defendants failed to inform Louisiana Department of Health ("LDH") officials of the deteriorating conditions at the site or the need for immediate assistance.

15.

LDH officials ultimately received reports from caregivers at the scene of people lying on mattresses on the floor, not being fed or changed, suffering from dehydration due to lack of water and other nutrients.

16.

On Tuesday, August 31, 2021, LDH representatives arrived to investigate the warehouse.

17.

Upon information and belief, Defendant Dean personally demanded that the LDH representatives leave immediately and refused to allow them and other State of Louisiana authorities to enter the warehouse. Specifically, Defendant Dean personally refused to permit State inspectors to enter his facility and demanded that they get off his property.

18.

By Wednesday, September 1, 2021, accompanied by Louisiana State Police, LDH officials finally came to rescue the abused residents, and shut down the warehouse. Residents were transited by State officials, and persons acting on behalf of the State, and the resident population from the Bob Dean, Jr. Nursing Homes were disbursed to various nursing homes across Louisiana, a process which continued into Thursday, September 2, 2021.

2021-07453 Case 2:21-cv-01985-LMA-JVM Document 1-1 Filed 10/28/21 Page 6 of 12

F
Section 14

FILED
2021 SEP 20  P 03:06
CIVIL
DISTRICT COURT

19.

During the Hurricane, and after the Hurricane passed through Louisiana, Petitioner and hundreds of others similarly situated persons were exposed to unreasonably dangerous conditions following evacuation from the Bob Dean Jr. Nursing Homes to the Waterbury Building and while at the Waterbury Building.

20.

As a result of Bob Dean Jr. Nursing Homes and Defendant Dean's negligence, Petitioner suffered mentally and physically.

21.

The personal injuries and mental anguish of Petitioner, as well as personal injuries and mental anguish suffered by hundreds of other similarly situated persons, were caused by the strict liability and/or negligence of Bob Dean Jr. Nursing Homes and Defendant Dean in the following non-exclusive respects:

A. Failing to attain, maintain and/or position proper and adequate backup power supply sources on its Waterbury Building premises before, during, and after the Hurricane;

B. Failing to maintain and/or prepare the Waterbury Building premises to properly weather a Hurricane and prevent interior flooding;

C. Failing to prevent unreasonably dangerous conditions and/or defects existing on its premises; and

D. Failing to provide adequate warnings of the unreasonably dangerous conditions and/or defects on its premises, which it knew or should have known existed.

22.

After the landfall of Hurricane Ida, Petitioner and other residents suffered unnecessarily as a result of the actions/inactions and/or strict liability of Bob Dean Jr. Nursing Homes and Defendant Dean.

**PRAYER FOR RELIEF**

**WHEREFORE**, your Petitioner prays:

a) That DEFENDANTS be served with a copy of this Petition and be cited to appear and answer same;

b) That after due proceedings had, that this action be certified as a class action pursuant to the provisions of La.C.C.P. Art. 591 *et seq.*, in the respects alleged herein above, for the purposes of determining the common issues of liability for compensatory damages;

2021-07453 Case 2:21-cv-01985-LMA-JVM Document 1-1 Filed 10/28/21 Page 7 of 12

F
Section 14

FILED
2021 SEP 20 P 03:06
CIVIL
DISTRICT COURT

c) That upon certification of the class action, the Court call for the formulation of a suitable management plan pursuant to La. C.C.P. 593.1(c);

d) That after due proceedings had, there be a judgment in this matter in favor of Plaintiff and against DEFENDANTS, declaring DEFENDANTS liable to Plaintiff and all members of the class for all damages arising from the unreasonably dangerous conditions/defects in and/or on the premises of the Waterbury Building during the time period of Hurricane Ida, particularly within the confines of the building owned by Bob Dean Jr. at 129 Calhoun Street, Independence, Louisiana, and including but not limited to DEFENDANTS failure to attain, maintain and/or provide an adequate, sanitary, safe housing to/for evacuated residents before, during and after Hurricane Ida passed through Louisiana, and or other acts of premises liability negligence as may be proven at trial;

e) That the rights of Plaintiff and all members of the class to establish their entitlement to compensatory damages, and the amount thereof, be reserved for determination in their individual actions when appropriate; and

f) That the Plaintiffs recover their costs for prosecution of this class action and for interest on all damages from the date of judicial demand until paid.

[Signature blocks on next page]

2021-07453 Case 2:21-cv-01985-LMA-JVM Document 1-1 Filed 10/28/21 Page 8 of 12

F
Section 14

FILED
2021 SEP 20  P 03:06
CIVIL
DISTRICT COURT

Respectfully Submitted:

**GLAGO WILLIAMS, LLC**

_[signature]_

Mark P. Glago, La. Bar No. 25395
Jatavian L. Williams, La. Bar No. 33431
Katherine E. May, La. Bar No. 32578
Christopher G. Otten, La. Bar No. 32626
909 Poydras Street, 29th Floor
New Orleans, Louisiana 70112
Telephone: (504) 500-2020
Facsimile: (504) 599-8699
mglago@glagowilliams.com
jwilliams@glagowilliams.com
kmay@glagowilliams.com
cotten@glagowilliams.com

**and**

**IRPINO AVIN & HAWKINS**

Anthony D. Irpino, La. Bar No. 24727
Pearl A. Robertson, La. Bar No. 34060
Kacie F. Gray, La. Bar No. 36476
Louise C. Higgins, La. Bar No. 31780
2216 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 525-1500
Facsimile: (504) 525-1501
airpino@irpinolaw.com
probertson@irpinolaw.com
kgray@irpinolaw.com
lhiggins@irpinolaw.com

**and**

**ALVENDIA KELLY & DEMAREST**

Roderick "Rico" Alvendia, La. Bar No. 25554
Jeanne Demarest, La. Bar No. 23032
J. Bart Kelly, III, La. Bar No. 24488
1515 Poydras Street, Suite 1400
New Orleans, Louisiana 70112
Telephone: (504) 200-0000
Facsimile: (504) 200-0001
rico@akdlalaw.com
jeanne@akdlalaw.com
bart@akdlalaw.com

*Attorneys for The Petitioners*

2021-07453    Case 2:21-cv-01985-LMA-JVM   Document 1-1   Filed 10/28/21   Page 9 of 12

F
Section 14

FILED
2021 SEP 20  P 03:06
CIVIL
DISTRICT COURT

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that I have on this 20th day of September, 2021, served the foregoing pleading on all known or potential counsel of record herein, by placing a copy of same in the United States mail, properly addressed and first-class postage prepaid, or by hand-delivery, facsimile, and/or electronic mail.

_____<br>
MARK P. GLAGO

**PLEASE SERVE:**

**River Palms Nursing and Rehab, LLC.**
Through its agent for service of process:
Eric Landry
One American Place
301 Main Street, Suite 2300
Baton Rouge, Louisiana 70802

**Maison De'Ville Nursing Home of Harvey**
Through its agent for service of process:
B. Troy Villa
One American Place, 23rd Floor
301 Main Street, Suite 2300
Baton Rouge, Louisiana 70802

**Maison De'Ville Nursing Home, Inc.**
Through its agent for service of process:
B. Troy Villa
One American Place
301 Main Street, Suite 2300
Baton Rouge, Louisiana 70802

**Park Place Healthcare, LLC**
Through its agent for service of process:
Eric Landry
One American Place
301 Main Street, Suite 2300
Baton Rouge, Louisiana 70802

**Raceland Manor Nursing Home, Inc.**
**d/b/a South Lafourche Nursing Home & Rehab**
Through its agent for service of process:
B. Troy Villa
One American Place, 23rd Floor
301 Main Street, Suite 2300
Baton Rouge, Louisiana 70802

**Uptown Healthcare Center, LLC**
**d/b/a Maison Orleans Healthcare of New Orleans**
Through its agent for service of process:
Eric B. Landry
One American Place, 23rd Floor
301 Main Street, Suite 2300
Baton Rouge, Louisiana 70802

2021-07453

Case 2:21-cv-01985-LMA-JVM Document 1-1 Filed 10/28/21 Page 10 of 12

F

Section 14

FILED
2021 SEP 20  P 03:06
CIVIL
DISTRICT COURT

**St. Elizabeth's Caring, LLC**
Through its agent for service of process:
B. Troy Villa
One American Place, 23rd Floor
301 Main Street, Suite 2300
Baton Rouge, Louisiana 70802

**Bob G. Dean, Jr.**
3465 E. Lakeshore Drive
Baton Rouge, LA 70808

**Bob G. Dean, Jr.**
3711 St. Charles Avenue
New Orleans, LA 70115

**Bob Dean Enterprises, Inc.**
Through its agent for service of process:
B. Troy Villa
One American Place, 23rd Floor
301 Main Street, Suite 2300
Baton Rouge, Louisiana 70802

2021-07453 Case 2:21-cv-01985-LMA-JVM Document 1-1 Filed 10/28/21 Page 11 of 12

F

Section 14

FILED
2021 SEP 20 P 03:06
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.                           DIVISION " "

**VERONICA LLORELLA on behalf of her father, RODOLFO LLORELLA, SR., INDIVIDUALLY AND ON BEHLF OF OTHERS SIMILARLY SITUATED**

**VERSUS**

**RIVER PALMS NURSING & REHAB LLC.; MAISON DE'VILLE NURSING HOME OF HARVEY, LLC.; MAISON DE'VILLE NURSING HOME, INC.; PARK PLACE HEALTHCARE, LLC; RACELAND MANOR NURSING HOME, INC.; UPTOWN HEALTHCARE CENTER, LLC.; ST. ELIZABETH'S CARING, LLC; BOB DEAN JR.; and BOB DEAN ENTERPRISES, INC.**

## REQUEST FOR WRITTEN NOTICE

TO:   Clerk of Court

PLEASE TAKE NOTICE, that you are hereby requested to provide the undersigned counsel with written notice of the date of trial of the above matter, as well as notices of hearings (whether on the merits or otherwise), orders, judgments, and interlocutory degree, and any and all formal steps taken by the parties herein, the Judge, or any member of the court, pursuant to the Louisiana Code of Civil Procedure and without limitation, Articles 1674, 1913 and 1914.

YOU ARE HEREBY FURTHER notified that the undersigned attorneys will represent petitioner in the above entitled and numbered cause.

Respectfully Submitted:

**GLAGO WILLIAMS, LLC**

_____
Mark P. Glago, La. Bar No. 25395
Jatavian L. Williams, La. Bar No. 33431
Katherine E. May, La. Bar No. 32578
Christopher G. Otten, La. Bar No. 32626
909 Poydras Street, 29th Floor
New Orleans, Louisiana 70112
Telephone:   (504) 500-2020
Facsimile:    (504) 599-8699
mglago@glagowilliams.com
jwilliams@glagowilliams.com
kmay@glagowilliams.com
cotten@glagowilliams.com

**and**

2021-07453

F
Section 14

Case 2:21-cv-01985-LMA-JVM   Document 1-1   Filed 10/28/21   Page 12 of 12

FILED
2021 SEP 20  P 03:06
CIVIL
DISTRICT COURT

**IRPINO AVIN & HAWKINS**

Anthony D. Irpino, La. Bar No. 24727
Pearl A. Robertson, La. Bar No. 34060
Kacie F. Gray, La. Bar No. 36476
Louise C. Higgins, La. Bar No. 31780
2216 Magazine Street
New Orleans, Louisiana 70130
Telephone:     (504) 525-1500
Facsimile:      (504) 525-1501
airpino@irpinolaw.com
probertson@irpinolaw.com
kgray@irpinolaw.com
lhiggins@irpinolaw.com

**and**

**ALVENDIA KELLY & DEMAREST**

Roderick "Rico" Alvendia, La. Bar No. 25554
Jeanne Demarest, La. Bar No. 23032
J. Bart Kelly, III, La. Bar No. 24488
1515 Poydras Street, Suite 1400
New Orleans, Louisiana 70112
Telephone:     (504) 200-0000
Facsimile:      (504) 200-0001
rico@akdlalaw.com
jeanne@akdlalaw.com
bart@akdlalaw.com

*Attorneys for The Petitioners*